## ORVILLE D. CHAPMAN v. JOHN M. CRAIG.

*Residuary Legatee can Defend Possession without Proving Payment of Bequests.*

The grantee of a residuary legatee may defend his title without showing the payment of the antecedent bequests.

A residuary legatee of lands holds title subject to the antecedent legacies, and unless the land is taken by the executors for the purposes of administration, may have and defend possession from the time the will is probated.

Evidence of the payment of legacies is not confined to the records in the probate court as the best evidence; nor is it usually found there until the executor's account is filed.

Where the finding was general and did not show that it did not

wholly depend upon the wrongful exclusion of certain evidence, the judgment was reversed, although there was other evidence that might have tended to support it.

Error to Livingston. Submitted Oct. 5. Decided Oct. 16.

TRESPASS *quare clausum.* The facts are in the opinion.

*Waddell & Montague* (on brief) for plaintiff in error. A devise of lands charged with the payment of debts and legacies will pass an estate in fee-simple. *Carter v. Barnadiston*, 1 P. Wms., 505; *Bell v. Scammon*, 15 N. H., 381. Parol evidence is admissible to prove the payment of legacies. *Dodge v. Manning*, 11 Paige, 334.

*Dennis Shields* and *Thomas F. Shields* (on brief) for defendant in error. The payment of legacies cannot be shown by parol. *Hall v. Grovier*, 25 Mich., 428. Antecedent legacies are a lien upon the testator's real estate. *Streeter v. Paton*, 7 Mich., 350; *Eddy v. Traver*, 6 Paige, 521; *Stiver v. Stiver*, 8 Ohio, 217; *Piatt v. St. Clair*, 6 Ohio, 227; *McDonald v. Aten*, 1 Ohio St., 293; *Ramsdall v. Craighill*, 9 Ohio, 197.

COOLEY, C. J.  The suit in the court below was trespass *quare clausum*, and the plaintiff claimed title by deed from Benjamin P. Crane who was the devisee of his father Elijah Crane.  The will of Elijah Crane made several gifts of sums of money, and then gave the residue of his property of every description to Benjamin P. Crane.  After this will had been put in evidence the plaintiff offered parol evidence that the several gifts had been paid; but this was objected to on the ground that the proof must be matter of record in the probate court.  The circuit court sustained the objection.  If there was any necessity for such evidence, the court was plainly in error in its ruling.  The evidence of payment may or may not be of record in the probate court, and generally would not be until the executor filed his account for settlement.  But we do not think it was essential to prove that the legacies had been paid.  The title to the real estate was in Benjamin P. Crane, subject to the lega-

cies, and unless possession of the land was taken by the executors for the purposes of administration, the residuary legatee might have had and defended possession in himself from the time the will was probated.

It follows from what has been said that the judgment must be reversed, as the court subsequently excluded a deed from Benjamin P. Crane to the plaintiff on the ground that payment of the legacies had not been shown. The defendant claimed to be in possession at the time suit was commenced under a claim of title, and there was evidence from which the court might have so found; but as the finding is general, we cannot know that it was not based wholly on the fact that plaintiff had failed to make out a chain of title.

The judgment is reversed, with costs, and a new trial ordered.

The other Justices concurred.